B. J. BOWDEN v. W. F. ENGLISH AND C. W. OLIVER.

(Filed 4 March, 1914.)

1. Trials—Evidence—Questions for Jury—Cotton Seed—Weights.

In an action to recover the difference in money between the actual weight of a car-load of cotton seed sold and delivered to the defendants, and the weight paid for by them, the plaintiff's evidence tended to show that after the delivery of the seed he weighed three loads of other seed upon the same wagon, of the same quality and condition, loaded by the same men and in the same manner, and that it showed an average of 58½ bushels to the load of 30 pounds to the bushel, making the total weight of the twenty-one wagon loads of seed delivered 37,000 pounds to the car. There was evidence of a variation of the weights of wagon loads of seed from 50 to 150 pounds to the load; and on behalf of the defendants, that by actual car-load weight, there were 25,700 pounds of seed for which they admittedly paid: *Held*, the evidence was sufficient to go to the jury upon the plaintiff's contention, and a motion to nonsuit was properly overruled.

2. Appeal and Error—Instructions—Harmless Error.

The statement made by the judge in his charge to the jury in this case, that all of the witnesses were of good character, was impartial in its application, and not held for reversible error.

APPEAL by defendants from *Daniels, J.,* at the October Term, 1913, of WAYNE.

Civil action tried on appeal from a justice's court.

The action was to recover the sum of $107.27, alleged to be the balance due on sale of a car-load of cotton seed, shipped in car No. 48273, etc., plaintiff claiming that the weights of defendants, upon the basis of which plaintiff had been paid, were incorrect to the amount sued for. There was verdict in plaintiff's favor for $53.69.

Judgment on the verdict, and defendants excepted and appealed.

*W. S. O'B. Robinson & Son for plaintiff.*
*Langston & Allen for defendant.*

165—7

HOKE, J.   It was contended chiefly for defendants that the motion for nonsuit should have been allowed because there was no evidence worthy to be submitted on part of plaintiff tending to show the mistake claimed; but the position, in our opinion, cannot be sustained.   Plaintiff contended that he had sold defendants a certain car-load of cotton seed and shipped same by their direction to the Southern Cotton Oil Company, at Goldsboro, N. C., where the weight was taken and stated at 25,700 pounds, and defendant had only paid for that amount; that the car contained, approximately, 37,000 pounds of cotton seed, and it was for the difference that the suit was instituted.   On this question, plaintiff, a witness in his own behalf, testified that he put into this car and shipped 21 loads of cotton seed, averaging 58½ bushels, at 30 pounds to the bushel, amounting to about 37,000 pounds; that he did not weigh the loads put into the car or any of them, but that he had the same wagon, loaded by same men, packed in same manner and from seed of the same quality and condition; that he weighed three loads of such seeds, and it showed an average of 58½ bushels to the load of 30 pounds to the bushel, and that the difference between the amount of the invoice and the amount loaded into the car and shipped, at the price agreed upon, would come to $107.27.   The witness also gave the dimensions of the wagon, etc., and stated further that seed of that kind, packed in that way, would vary one load with another, from 50 to 150 pounds to the load, etc.

The hands who assisted in the loading testified that they loaded the test wagon, and it was the same wagon, packed in same way with seed of same kind as those that were shipped, etc.

James Lewis, a witness for plaintiff, testified, giving the dimensions of the wagon in which the seed were hauled; further, that he was a farmer, accustomed to hauling cotton seed, and that a wagon body of that kind, loaded with cotton seed and packed as described, would hold something like 55 bushels.

There was evidence in contradiction on the part of the defendant and tending to show that the car was accurately weighed at the Cotton Oil Company in Goldsboro with the seed

in it, and then after they were unloaded, and the net weight of the seed was only 25,700 pounds; that being the amount that defendants paid for.

Several witnesses for defendant testified that wagon loads of cotton seed, the same kind of seed and packed or tramped apparently in the same way, would vary from 50 to 800 and 1,000 pounds.

While the evidence tending to support defendants' claim may have showed the more accurate method of ascertaining the true weight, we think that on the part of the plaintiff was sufficient to carry the case to the jury. It was relevant, material, and had a reasonable tendency to establish the plaintiff's position, and the motion to nonsuit was, as stated, properly overruled.

The Court charged the jury, in effect, that plaintiff could not recover unless he established by the greater weight of the evidence that there was a mistake, as claimed, in the weighing of the seed at the Oil Mill in Goldsboro, a charge that assuredly gives defendant no just ground of complaint.

The statement in his Honor's charge that all of the witnesses were of good character was no doubt an inadvertence, but it was certainly an impartial utterance, and, on the record, we do not think it should be held for reversible error.

The case is very largely an issue of fact, which seems to have been fairly presented to the jury, and we find no good reason for disturbing their decision of the matter.

No error.